# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ALEXANDER TEMPLE,<br><br>        Plaintiff,<br><br>    v.<br><br>RONALD JULIANA, et al.,<br><br>        Defendants. | CASE NO. 1:09-cv-01052-AWI-SMS PC<br><br>Fresno County Superior Court<br>Case No. 09CECG01124 DRF<br><br>ORDER GRANTING MOTION TO REMAND, AND REMANDING ACTION TO FRESNO COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Docs. 1 and 4) |

Plaintiff Troy Alexander Temple is a state prisoner proceeding pro se in this civil action. On June 15, 2009, Defendants Yates, Igbinosa, and Schroeter removed this action from Fresno County Superior Court, and on July 9, 2009, Defendants Juliana and Rutan-Juliana filed a notice of joinder in the removal.[1]  (Docs. 1, 6.)

Defendants contend that although pled as a personal injury action, the complaint is "borne out of an inmate appeal" in which Plaintiff claims Defendants violated the Eighth Amendment of the United States Constitution by acting with deliberate indifference to his medical needs. (Doc. 1, 2:5.) Plaintiff seeks remand of this action on the ground that his claims sound solely in California law and that he intentionally omitted any federal claims. (Doc. 4.) Defendants Yates, Igbinosa, and Schroeter opposed the motion to remand, and Plaintiff replied, resulting in submission of the motion.

///

---

[1] The initial notice of removal omitted four pages of the complaint and exhibits. (Doc. 8.) Defendants Yates, Igbinosa, and Schroeter submitted a complete copy on July 15, 2009. (Id.)

1

Local Rule 78-230(m). (Docs. 8, 10.) Plaintiff was not granted leave to file a supplement to his motion, and therefore, the supplement filed on September 10, 2009, is disregarded.

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[2] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction." Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

The Court has reviewed Plaintiff's complaint, and although Plaintiff could have brought this action under 42 U.S.C. § 1983 for violation of his federal constitutional rights, he did not. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979) (existence of federal jurisdiction determined by the complaint at the time of removal). Plaintiff's complaint is devoid of any mention of the United States Constitution, section 1983, or any other federal bases for relief. The complaint describes the action as one for personal injury, and the legal claim alleged is general negligence. (Doc. 1, Ex. A, court record pgs. 4 & 5.) Plaintiff's decision to file suit in state court utilizing a state

---

[2] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

2

civil complaint form and making no mention of federal law demonstrates that Plaintiff exercised his right to rely exclusively on state law. Caterpillar, Inc., 482 U.S. at 392.

The fact that in the course of utilizing the prison's internal grievance procedure, Plaintiff claimed a federal constitutional violation does not have the effect of negating or otherwise altering the legal claims pled in the complaint. Plaintiff is most certainly not bound to specific legal claims in this or any other lawsuit simply because of the language he chose to use during the course of exhausting an administrative remedy process. Notably, the inmate appeals Defendants rely upon to establish jurisdiction are attached as exhibits and incorporated by reference solely in support of Plaintiff's allegation that he exhausted by complying with the applicable claims statute. (Doc. 1, court record pp. 3, 5.)

Plaintiff is the master of his claims in this lawsuit and chose to pursue negligence claims under California law. The Court lacks subject matter jurisdiction over this action and it shall be remanded to Fresno County Superior Court.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's supplement to his motion to remand, filed September 10, 2009, is DISREGARDED;
2. Plaintiff's motion to remand, filed June 29, 2009, is GRANTED, and all other pending motions are denied as moot;
3. This action is REMANDED to the Fresno County Superior Court based on lack of subject matter jurisdiction; and
4. The Clerk of the Court SHALL serve a copy of this order on the Fresno County Superior Court and shall serve the parties in the customary manner.

IT IS SO ORDERED.

**Dated:   September 25, 2009**              /s/ Anthony W. Ishii
                                        CHIEF UNITED STATES DISTRICT JUDGE